UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. KENDRICK FELTON SHORTS                  CIVIL ACTION

VERSUS                                       NUMBER: 06-1796

OF., DEPUTIES COWORKERS, <u>ET</u> <u>AL</u>.         SECTION: "F"(5)

### REPORT AND RECOMMENDATION

The above-captioned matter came before the undersigned pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

A review of the plaintiff's complaint reveals a confusing, unintelligible document containing rambling and vague allegations concerning a series of seemingly unrelated events that have occurred since 1981. No individuals or entities are specifically identified as defendants in plaintiff's complaint nor does the complaint contain a statement of the Court's jurisdiction. In short, the nature of plaintiff's cause(s) of action, if any, is not readily determinable from a perusal of his principal pleading.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading which sets forth a claim for relief ... shall

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In Re Santa Barbara Like It Is Today Copyright, 94 F.R.D. 105 (D.Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458 (1965); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Reading plaintiff's complaint in the liberal manner afforded to pro se pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance, if any, is impossible to ascertain. Defendant(s) cannot reasonably be expected to respond to such an unintelligible pleading. It will therefore be recommended that plaintiff's complaint be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty (20) days of today's date, he amends said complaint to set forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result f rom a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> banc).

New Orleans, Louisiana, this  <u>12th</u>  day of  <u>July</u>, 2006.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE